UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
EZRA NATANELY,                                    Civil Action No.:

                Plaintiff,

  -against-

                                       **COMPLAINT**

SUNRISE CREDIT SERVICES, INC.,
                                       **DEMAND FOR JURY TRIAL**

                Defendant.
------------------------------------------------------------------X

      Plaintiff EZRA NATANELY, ("Plaintiff"), by and through his attorneys, the Law Office of Alan J. Sasson, P.C., as and for his Complaint against Defendant SUNRISE CREDIT SERVICES, INC., hereinafter referred to as "Defendant", respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

    1.    Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

    2.    Plaintiff is a resident of the State of New York, residing at 2167 East 21st Street, Brooklyn, NY 11229.

    3.    Upon information and belief, Defendant's principal place of business is located in Farmingdale, New York.

    4.    Plaintiff is a "consumer" as defined by the FDCPA, 15 USC §1692 a (3).

    5.    Defendant is a "debt collector" as the phrase is defined and used in the FDCPA under 15 U.S.C. §1692a(6).

**JURISDICTION AND VENUE**

6. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 *et seq.* and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

**FACTUAL ALLEGATIONS**

8. Plaintiffs repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "7" herein with the same force and effect as if the same were set forth at length herein.

9. Upon information and belief, Defendant, on behalf of a third-party or itself as purchaser of the debt, began collecting an alleged consumer debt.

10. On a date better known to Defendant, it began its collection efforts and campaign of communicating with Plaintiff by calling Plaintiff's landline phone at 718-368-3337 on or about November 28, 2015, and proceeded to leave a voice message with full disclosures under 15 USC §1692 e(11).

11. Defendant's message violated 15 USC §1692 c(b), prohibiting third party disclosure, when Plaintiff's adult son, Elad Natanely, heard Defendant's message, as it was being recorded, which revealed that Plaintiff owed a debt and was being contacted by a debt collector.

12. The phone number called on or about November 28, 2015is the household phone belonging to Plaintiff and the greeting on the answering machine of the phone clearly indicates that there is more than one person using the phone. Defendant therefore assumed the risk of third party disclosure by leaving the disclosures on the answering machine.

13. In *Travis Banco v Credit Collection Services Inc.*, N. CIV S-10-1242 FCD/EFB

(E.D. Cal. 2009), the court found that "Credit Collection Services' position that it cannot be liable because the message was solely intended for plaintiff and that plaintiff's mother should have refrained from listening when she heard the warning is wholly without merit." And further: "Defendant cites to no authority supporting its proposition that a person must refrain from listening to a voice message in his or her own home merely because the message is for another person. Indeed, the weight of the case law militates strongly in favor of the inverse conclusion."

14. The *Travis Banco* Court further cited *Berg v. Merchants Assoc. Collection Div., Inc.*, 586 F.Supp.2d 1336, 1338-39 (S.D. Fla. 2008), where the defendant collection agency left a voice message strikingly similar to that left by defendant here, which Berg's father, step-mother and neighbor heard. As is the case here, "Defendant left messages at the plaintiff's home with a warning to the listener to disconnect if the listener was not the plaintiff, and that continuing to listen to the message indicates that the listener was plaintiff." Id. at 1343. The *Berg* court held that merely giving the warning that the party listening should hang up if not the plaintiff, does not shield a debt collector from liability under Section 1692c(b) when a third party overhears the message. *Id*. Similarly here, for the same reasons, defendant's warning message fails to shield it from liability.

15. The *Travis Banco* Court further stated: "The District court of Minnesota's recent holding in *Zortman v. J.C. Christensen & Associates*, Civ. No. 10-3086, 2011 WL 1630935 (D.Minn. 2001) is similarly instructive. In *Zortman*, defendant left messages on plaintiff debtor's voicemail, which plaintiff's children overheard. *Id*. at *1. The *Zortman* Defendant asserted that it was not liable under Section 1692c(b) for communicating with a third party because they did not "purposefully or deliberately make disclosures to a third party." *Id.* at *2. The *Zortman* court explained that reading an intent requirement into the statute would be "inconsistent with the

ordinary meaning of `to communicate,'" and thus, held that the Section 1692c(b) does not require a deliberate act. *Id*. at *5. The court noted that the "FDCPA is a strict liability statute, which conflicts with requiring deliberate or purposeful intent." *Id*., citing *Picht v. Jon R. Hawks, Ltd.*, 236 F.2d 446, 451 (8th Cir. 2001).

16.     The *Zortman* Court further stated: "The fact that plaintiff was the intended recipient of the message and that the message instructed non-intended listeners to hang up does not absolve defendant of liability for communicating information about the plaintiff's debt to a third party. Defendant is strictly liable under Section 1692c(b) for communicating with a third party — plaintiff's mother — without the debtor's consent, regardless of whether the communication was deliberate or intentional." *Zorman*, 2011 WL 1630935 at *5; see also, *Clayson v. Rubin & Rothman LLC*, 751 F.Supp.2d 491 (W.D.N.Y. 2010) (holding that communicating twice with debtor's mother about the debt without the debtor's authorization violated section 1692c(b).

17.     The *Zortman* Court further analyzed that "the defendant's reliance on staff commentary from the Federal Trade Commission ("FTC") — the agency charged with enforcing the act — which states that [a] debt collector does not violate this provision when an eavesdropper overhears a conversation with the consumer, unless the debt collector has reason to anticipate the conversation will be overheard." The *Zortman* Court held that "Defendant's reliance on the agency's commentary is misplaced". The *Berg* court, in analyzing the same commentary, stated that "[t]he example given here by the FTC suggests that the FDCPA is violated by debt collectors who leave message for consumers while aware that the message may be heard by others." *Berg*, 586 F.Supp.2d at 1342.   In this case, defendant had reason to anticipate that the conversation would be overheard - the outgoing message specifically states

that plaintiff is not the only resident at the home. To this end, not only does the agency's commentary not help defendant, it actually supports the finding of liability in this instance.

## FIRST CAUSE OF ACTION
*(Violations of the FDCPA)*

18. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "17" herein with the same force and effect as if the same were set forth at length herein.

19. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to 15 USC §1692c(b).

20. As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

21. Plaintiff, EZRA NATANELY, hereby respectfully requests a trial by jury for all claims and issues in his Complaint to which he is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff EZRA NATANELY demands judgment from Defendant, SUNRISE CREDIT SERVICES, INC., as follows:

  A. For actual damages provided and pursuant to 15 USC §1692k(a)(1);

  B. For statutory damages provided and pursuant to 15 USC §1692k(2)(A);

  C. For statutory damages provided and pursuant to 15 USC §1692k(2)(B);

  D. For attorneys' fees and costs provided and pursuant to 15 USC §1692k(a)(3);

  E. A declaration that Defendant's practices violated the FDCPA;

  F. For any such other and further relief, as well as further costs, expenses and

disbursements of this action, as this Court may deem just and proper.

Dated:      December 22, 2015

Respectfully submitted,

By:___/s/ Alan J. Sasson_____
Alan J. Sasson, Esq. (AS8452)
LAW OFFICE OF ALAN J. SASSON, P.C.
2687 Coney Island Avenue, 2nd Floor
Brooklyn, New York 11235
Phone:     (718) 339-0856
Facsimile: (347) 244-7178
*Attorney for Plaintiff*